# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

MICHAEL COOTS,

    Plaintiff,

v.                             No. 1:17-cv-00838 JCH-LF

WESTERN REFINING RETAIL, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On August 24, 2017, Defendant Western Refining Retail, LLC, filed a Motion to Compel Arbitration and Dismiss or Stay Proceedings (ECF No. 4). The Court, having considered the motion, briefs, argument, evidence, and applicable law, concludes that the motion should be granted and this case should be stayed pending arbitration.

### I.    BACKGROUND

Plaintiff Michael Coots is a former employee of Western Refining Southwest, Inc., ("Western Refining") whose job supported retail convenience stores and gas stations owned and co-operated by Defendant Western Refining Retail, LLC ("Western Retail") a subsidiary of Western Refining. Plaintiff began working for Western Refining in March 2008.

On June 13, 2014, Plaintiff executed a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") with Western Refining. In the letter describing the Arbitration Agreement, Western Refining stated: "You do not have to sign this document. However, if you do not sign it, you may not work for Western Refining." Ex. A-2, ECF No. 4-1 at 4 of 9. Mr. Coots understood that he would be fired if he did not sign the Arbitration Agreement. Aff. of Michael Coots ¶ 3, ECF No. 6-1.

The Arbitration Agreement stated it is between the "Employee" and the "Company," defined as Western Refining Southwest, Inc., and its affiliated companies. Arbitration Agreement 1, ECF No. 4-1. According to the terms of the agreement, the Company and the Employee consented to

> arbitration of any and all claims or controversies for which a court otherwise would be authorized by law to grant relief in any way arising out of, relating to or associated with the Employee's employment with the Company, or its termination ("Claims"), that the Company may have against the Employee or that the Employee may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise. The Claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; … tort claims; claims for discrimination, including … based on … age …; and claims for violation of any federal, state or other governmental … statute ….

*Id.* The Arbitration Agreement states that it "can be modified or revoked only by a writing signed by both parties." *Id.* at 2.

Western Refining terminated Plaintiff's employment on October 10, 2016. Plaintiff filed a Complaint for Employment Discrimination on the Basis of Age, asserting two claims: age discrimination under the New Mexico Human Rights Act and retaliatory discharge for reporting safety concerns in the workplace. Compl., ECF No. 1-1. Western Refining removed the case to federal court based on diversity jurisdiction and moved the Court to compel arbitration and dismiss the case or stay proceedings. Plaintiff does not dispute that the contract involves interstate commerce, and thus, that the Federal Arbitration Act, 9 U.S.C. §§ 1-16, ("FAA") applies. Plaintiff, however, argues that there was no consideration, so the Arbitration Agreement is not a valid, binding contract.

## II.  LEGAL ANALYSIS

The FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Congress's purpose in enacting the FAA was "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA has created a body of federal substantive law establishing and regulating the duty to enforce arbitration agreements. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985).

Arbitration agreements, however, may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). In applying state law, a court may not construe an arbitration agreement differently from how it otherwise construes non-arbitration agreements under state law. *Avedon Engineering, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997) (quoting *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987)). In enacting the FAA, Congress did not intend to force parties to arbitrate in the absence of an agreement, and therefore the "existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked." *Id.* at 1286-87. When the parties dispute the existence of a valid arbitration agreement, the presumption in favor of arbitration disappears. *Dumais v. American Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002).

Courts generally will enforce agreements according to their terms, but "[a]rbitration under the Act is a matter of consent, not coercion." *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 479 (1989). "[C]ourts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract." *Gilmer*, 500 U.S. at 33 (internal quotations omitted).

3

### A. Consideration

Plaintiff argues there was a lack of consideration because he was already an employee of Defendant at the time he signed the agreement. Defendant asserts that an employer's mutual, binding promise to submit claims to arbitration is valid consideration.

Under New Mexico law, a legally enforceable contract "requires evidence supporting the existence of an offer, an acceptance, consideration, and mutual assent." *Piano v. Premier Distrib. Co.*, 2005-NMCA-018, ¶ 6, 107 P.3d 11 (internal quotation marks omitted). "Consideration consists of a promise to do something that a party is under no legal obligation to do or to forbear from doing something he has a legal right to do." *Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶ 16, 118 P.3d 194 (quoting *Heye v. Am. Golf. Corp.*, 2003-NMCA-138, ¶ 12, 80 P.3d 495).

A promise of continued at-will employment, which places no constraints on an employer's future conduct, is illusory and is not consideration for an employee's promise to submit his claims to arbitration. *Piano*, 2005-NMCA-018, ¶ 8. In *Piano*, the New Mexico Court of Appeals held that an arbitration agreement that gives an employer the unilateral right to modify its terms is an illusory promise to arbitrate and does not amount to consideration. *Id.* ¶ 14. Where, however, an employer has promised to arbitrate its claims and the agreement restricts the employer's right to modify or terminate the arbitration agreement upon the accrual of an employee's claim, the promise to arbitrate is consideration for the arbitration agreement. *See Sisneros v. Citadel Broadcasting Co.*, 2006-NMCA-102, ¶ 34, 142 P.3d 34. The Arbitration Agreement in this case is binding on both parties and neither party may unilaterally modify its terms. Consequently, consideration exists to support the validity Arbitration Agreement. *See id.*

### B. Unconscionability

In a heading in Plaintiff's response, Plaintiff asserts the FAA does not compel arbitration "when the Arbitration Agreement is Unconscionable." Pl.'s Resp. 2, ECF No. 6. Plaintiff, however, proceeded to argue that the agreement lacked consideration without providing argument or authority on the issue of unconscionability. Defendant in its reply addressed only the consideration issue.

Under New Mexico law, unconscionability is an affirmative defense to contract enforcement, so the party asserting the defense bears the burden of persuading the factfinder that the contract should be voided as unconscionable. *Dalton v. Santander Consumer USA, Inc.*, 2016-NMSC-035, ¶ 7, 385 P.3d 619. A court may render unenforceable a contract "when the terms are unreasonably favorable to one party while precluding a meaningful choice of the other party." *Id.* ¶ 6. The Court is not insensitive to the fact that an employee faces great pressure to sign a contract under the threat of termination of his employment. Nevertheless, despite the passing reference to unconscionability, Plaintiff has not adequately raised the affirmative defense of unconscionability. Even if adequately raised, Plaintiff did not meet his burden of persuasion given the lack of argument and authority on the issue. The Court will therefore not address the merits of any unconscionability defense.

### C. Remedy

The FAA states that, once a court determines that the parties have a valid arbitration agreement and that the parties' dispute falls within that arbitration agreement's scope, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had ...." 9 U.S.C. § 3. Although Defendant prefers dismissal, the Court will stay these proceedings under Section 3 of the FAA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings (**ECF No. 4**) is **GRANTED** and the case is **STAYED PENDING RESOLUTION OF THE ARBITRATION PROCEEDING**.

_____
**UNITED STATES DISTRICT JUDGE**